ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ALLIANCE OF FOREST OWNERS, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | No. 10-1209 |

## MOTION TO GOVERN FURTHER PROCEEDINGS

Pursuant to the Court's Order of October 15, 2013, Petitioners, the National Alliance of Forest Owners ("NAFO") and the American Forest & Paper Association ("AF&PA"), move to keep this case in abeyance for an additional 60 days until September 19, 2014 to allow the parties to evaluate the effect of the recent opinion of the U.S. Supreme Court in *Utility Air Regulatory Group v. EPA*, Nos. 12-1146 *et al.* (U.S., June 23, 2014), and to consider their respective litigation positions in light of that decision. As described more fully below, continuing to hold this case in abeyance would promote judicial efficiency, conserve resources, and avoid unnecessary litigation. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam) (finding cause for abeyance when other pending

proceedings may affect the outcome of the case). Counsel for Petitioners have contacted counsel for the other parties regarding the relief sought in this motion. Counsel for Respondents indicated that Respondents take no position with regard to Petitioners' description of the Supreme Court's decision in *Utility Air Regulatory Group v. EPA* or the ramifications thereof but have no objection to the relief sought in Petitioners' motion. Counsel for Intervenor-respondents indicated that Intervenor-respondents take no position on this motion, including any characterization it includes of the underlying rule, or of the Supreme Court's decision in *Utility Air Regulatory Group v. EPA*. In support of this Motion, Petitioners submit the following:

  1. This action involves a Petition for Review related to implementation of the Clean Air Act's Prevention of Significant Deterioration ("PSD") and Title V permitting programs to stationary sources of greenhouse gas ("GHG") emissions. On June 3, 2010, EPA issued its "Tailoring Rule," which addressed the regulation of GHG emissions from all stationary sources under PSD and Title V. 75 Fed. Reg. 31,514 (June 3, 2010). The present action was originally filed, along with approximately twenty-five other petitions for review, as a challenge to EPA's Tailoring Rule. Case No. 10-1073 (and consolidated cases) ("Tailoring Rule case").

2.     Petitioners' claims were narrower than those of the many parties that filed other petitions for review of the Tailoring Rule. As Petitioners stated in their Motion to Sever and Hold Case in Abeyance: "Petitioners' claims are limited to EPA's treatment of biomass combustion in the Tailoring Rule" and Petitioners "do not intend to assert or pursue claims or arguments regarding the legality of other aspects of the Tailoring Rule beyond the rule's treatment of carbon dioxide ("$CO_2$") emissions from biomass combustion." Doc. No. 1307898 ("Severance Motion") at 2.

3.     On August 3, 2010, Petitioner NAFO filed with EPA a petition to reconsider the manner in which EPA addressed GHG emissions from biogenic (biomass) sources in its Tailoring Rule ("Administrative Petition"). On January 11, 2011, EPA granted the Administrative Petition. Soon thereafter, EPA initiated actions to reconsider the application of the PSD and Title V permitting programs to $CO_2$ emissions from biogenic sources.

4.     On March 21, 2011, EPA issued a Proposed Rule to defer application of PSD and Title V permitting requirements for $CO_2$ emissions (a GHG) from bioenergy and biogenic sources for a period of three years while EPA studies the science associated with $CO_2$ emissions from bioenergy and biogenic sources. 76 Fed. Reg. 15,249 (March 21, 2011) ("Proposed Deferral Rule").

5. Based on the deferral actions outlined above and pursuant to Petitioners' Severance Motion, the present action was severed from the Tailoring Rule case and held in abeyance pending the outcome of EPA's review of the science associated with accounting for $CO_2$ emissions from bioenergy and biogenic sources and the outcome of the Tailoring Rule case. Doc. No. 1310363. The Court's Order directed the parties to file motions to govern further proceedings within 30 days of the Court's decision in the Tailoring Rule case or the completion of EPA's proceedings on reconsideration, whichever came first. *Id.*

6. On July 20, 2011, EPA issued its Final Rule deferring application of PSD and Title V permitting requirements for $CO_2$ emissions from bioenergy and biogenic sources for a period of three years. 76 Fed. Reg. 43,490 (July 20, 2011) ("Final Deferral Rule"). During the three-year study period established in the Final Deferral Rule, which ends on July 21, 2014, biogenic $CO_2$ emissions are not required to be counted for applicability under PSD and Title V permitting programs. *Id.*; 40 C.F.R. § 51.166(b)(48)(ii)(a). The Center for Biological Diversity and other petitioners challenged the Deferral Rule in this Court. *See Center for Biological Diversity v. EPA*, Case No. 11-1101 ("*CBD v. EPA*").

7. On June 26, 2012, this Court issued its ruling in the Tailoring Rule case, dismissing the Petitions for Review for lack of standing and otherwise upholding EPA's application of the PSD and Title V permitting programs to

stationary sources of GHG emissions. *CRR*, 684 F.3d 102. Multiple parties filed petitions for a writ of c*ertiorari* seeking review of *CRR*. *See UARG v. EPA*, *et al.*

8. On July 24, 2012, Petitioners and EPA filed a Joint Motion to Govern Further Proceedings requesting that the Court continue to hold this case in abeyance pending EPA's continued review of biomass emissions under the Final Deferral Rule. Doc. No. 1385400. On August 24, 2012, the Court granted the motion and directed the parties "to file motions to govern future proceedings in this case within thirty days of this court's disposition of Nos. 11-1101, et al., Center for Biological Diversity v. EPA, or any earlier date should circumstances warrant." Doc. No. 1391305.

9. On July 12, 2013, this Court issued a decision in the Deferral Rule Challenge and held the Deferral Rule should be vacated. *CBD v. EPA*, 722 F.3d 401 (D.C. Cir. 2013). The Court withheld issuance of the mandate "until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc." Doc. No. 1446226. On August, 26, 2013, the Court granted Defendant-Intervenors' motion to extend the deadline for filing petitions for rehearing until 30 days after the Supreme Court's decision whether to grant the pending petitions for a writ of certiorari in *UARG v. EPA*. Doc. No. 1453559.

10. On October 15, 2013, the Supreme Court granted six petitions for a writ of certiorari, consolidated those petitions under *UARG v. EPA*, and ordered the

petitioners to address the following question: "Whether EPA permissibly determined that its regulation of greenhouse gas emissions from new motor vehicles triggered permitting requirements under the Clean Air Act for stationary sources that emit greenhouse gases." Supreme Court Order List at 2-3 (Oct. 15, 2013).

11. On October 22, 2013, Defendant-Intervenors in *CBD v. EPA* filed a motion to extend the deadline to petition for rehearing until 30 days after the Supreme Court's decision in *UARG v. EPA*. Doc. No. 1462487.

12. On November 4, 2013, Petitioners in *CBD v. EPA* filed a cross-motion for immediate issuance of the mandate vacating the Final Deferral Rule. If that motion were granted, biogenic $CO_2$ emissions would be counted for applicability under the PSD and Title V permitting programs.

13. On November 14, 2013, this Court issued an order granting Defendant-Intervenors' motion to extend the deadline for filing petitions for rehearing and denying Petitioners' cross-motion for immediate issuance of the mandate. Doc. No. 1466109.

14. On November 14, 2013, Petitioners filed an unopposed motion to govern further proceedings requesting that this Court place the case in abeyance and order the parties to file motions to govern further proceedings within thirty days of the earliest of the following: (1) EPA issuing a new regulation based on its

ongoing consideration of $CO_2$ emissions from biogenic sources (as contemplated in the Final Deferral Rule); (2) the issuance of the mandate in *CBD v. EPA*; (3) the Supreme Court's decision in *UARG v. EPA*; or (4) July 20, 2014, the date on which the Final Deferral Rule lapses under the terms of that Rule. Doc. No. 1466179. On January 24, the Court directed the parties to file motions to govern future proceedings "within 30 days of the disposition of the Supreme Court of the United States of No. 12-1146, Utility Air Regulatory Group v. EPA, but no later than July 21, 2014". Doc. No. 1476696.

15. On June 23, 2014, the Supreme Court reversed in material part the decision in *Coalition for Responsible Regulation*. The Supreme Court specifically rejected that part of this Court's decision holding that stationary sources were automatically subject to PSD permitting based on regulation of greenhouse gases under Title II of the Clean Air Act.

16. The opinion in *Utility Air Regulatory Group*, by reversing the decision in *Coalition for Responsible Regulation* and rejecting a core premise of the rule at issue here, will impact further proceedings in this case, and warrants keeping this case in abeyance to permit the parties to consider the Supreme Court's opinion and its effect. Indeed, because EPA has not yet indicated how it will respond to the opinion in *Utility Air Regulatory Group*, it is not clear which of the issues in this case remain in controversy, and it is possible that the parties may

7

agree on a proposed disposition of those issues in part or in full. Holding this case in abeyance for an additional 60 days will clarify the issues for resolution and avoid unnecessary waste of resources of the parties and this Court.

17. Accordingly, Petitioners and Respondents request that this case be held in abeyance for an additional 60 days until September 22, 2014.

## CONCLUSION

For the reasons set forth above, Petitioners and Respondents respectfully request that this case be held in abeyance and that they be ordered to file motions to govern further proceedings by September 22, 2014.

Respectfully submitted this 21st day of July by:

/s/   Roger R. Martella, Jr.
ROGER R. MARTELLA, Jr.
LISA JONES
JOEL F. VISSER
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
Tel:  202-736-8161
Fax: 202-736-8711

*Counsel for Petitioners*

OF COUNSEL

William R. Murray
Vice President for Policy and General
 Counsel
National Alliance of Forest Owners
122 C Street, NW
Suite 630
Washington, DC 20001
(202) 747-0742

Jan Poling
Vice President, General Counsel &
 Corporate Secretary
American Forest & Paper Association
1111 Nineteenth Street, NW
Suite 800
Washington, DC 20036
(202) 463-2590

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Govern Further Proceedings, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said Motion to the attorneys of record who have registered with the Court's CM/ECF system.

July 21, 2014                                            /s/  Joel F. Visser
                                                                  Joel F. Visser