ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ALLIANCE OF FOREST OWNERS, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | No. 10-1209 |

## **MOTION TO GOVERN FURTHER PROCEEDINGS**

Pursuant to this Court's Order of May 28, 2015, Petitioners, the National Alliance of Forest Owners ("NAFO") and the American Forest & Paper Association ("AF&PA") (collectively "Movants"), move to keep this case in abeyance until 30 days after final resolution of any further proceedings in *Coalition for Responsible Regulation v. EPA*, D.C. Cir. Case No. 09-1322 ("*CRR*"), defined herein as the later of either (i) the expiration of time for the parties in *CRR* to file petitions for writ of certiorari in the Supreme Court; or (ii) final judicial resolution of any such petition. As described more fully below, continuing to hold this case in abeyance would promote judicial efficiency, conserve resources, and avoid unnecessary litigation. *See Basardh v. Gates*, 545

F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam) (finding cause for abeyance when other pending proceedings may affect the outcome of the case).

Counsel for Movants have contacted counsel for the other parties regarding the relief sought in this motion. Counsel for Respondent EPA indicated that EPA does not agree with each aspect of Petitioners' description of: (a) the Supreme Court's decision in *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) ("*UARG*") and the other cases citied herein; (b) the potential ramifications of the decisions in these cases; or (c) the manner in which various parties may seek further review of any of the cases cited in this motion. Nevertheless, Respondent EPA has no objection to the relief sought in Petitioners' motion and believes that continued abeyance would serve judicial economy. Counsel for Intervenors and Movant-Intervenors likewise do not agree with the way Petitioners characterize the holding in *UARG*, 134 S. Ct. 2427 and the other cases cited, the potential ramifications of those decisions, or the manner in which parties may seek further review of those cases. Like Respondent EPA, however, Intervenors and Movant-Intervenors do not object to the relief sought in this Motion, as continued abeyance of this case would best serve judicial economy.

In support of this motion, Movants submit the following:

1.　　This action involves a petition for review related to implementation of the Clean Air Act's ("CAA's") Prevention of Significant Deterioration ("PSD")

2

and Title V permitting programs for stationary sources of greenhouse gas ("GHG") emissions. On June 3, 2010, EPA issued its "Tailoring Rule," which addressed the regulation of GHG emissions from all stationary sources under PSD and Title V. 75 Fed. Reg. 31,514 (June 3, 2010). The present action was originally filed, along with approximately twenty-five other petitions for review, as a challenge to EPA's Tailoring Rule. Case No. 10-1073 (and consolidated cases) ("Tailoring Rule case").

2. Petitioners' claims were narrower than those of the many parties that filed other petitions for review of the Tailoring Rule. As Petitioners stated in their Motion to Sever and Hold Case in Abeyance: "Petitioners' claims are limited to EPA's treatment of biomass combustion in the Tailoring Rule" and Petitioners "do not intend to assert or pursue claims or arguments regarding the legality of other aspects of the Tailoring Rule beyond the rule's treatment of carbon dioxide ("$CO_2$") emissions from biomass combustion." Doc. No. 1307898 ("Severance Motion") at 2.

3. On August 3, 2010, Petitioner NAFO filed with EPA a petition to reconsider the manner in which EPA addressed GHG emissions from biogenic (biomass) sources in its Tailoring Rule ("Administrative Petition"). On January 11, 2011, EPA granted the Administrative Petition. Soon thereafter, EPA

initiated actions to reconsider the application of the PSD and Title V permitting programs to $CO_2$ emissions from biogenic sources.

4. The present action was severed from the Tailoring Rule case and held in abeyance pending the outcome of EPA's review of the science associated with accounting for $CO_2$ emissions from bioenergy and biogenic sources and the outcome of the Tailoring Rule case. Doc. No. 1310363. The Court's Order directed the parties to file motions to govern further proceedings within 30 days of the Court's decision in the Tailoring Rule case or the completion of EPA's proceedings on reconsideration, whichever came first. *Id.*

5. On June 26, 2012, this Court issued its ruling in the Tailoring Rule case, dismissing the petitions for review for lack of standing and otherwise upholding EPA's application of the PSD and Title V programs to stationary sources of GHG emissions. *CRR*, 684 F.3d 102 (D.C. Cir. 2012). The Supreme Court granted several petitions for writ of certiorari and, on June 23, 2014, reversed in part and affirmed in part the decision in *CRR*. *UARG*, 134 S. Ct. 2427. Specifically, the Supreme Court rejected this Court's holding that stationary sources were automatically subject to PSD permitting requirements as a result of EPA's regulation of GHGs from motor vehicles under Title II of the CAA. *Id.* at 2439-49.

6.     On April 10, 2015, this Court issued an Amended Judgment in *CRR*. Doc. 1546840.  The Amended Judgment vacated the regulations adopted in the Tailoring Rule "to the extent they require a stationary source to obtain a PSD permit" based solely on GHG emissions and ordered EPA to "consider whether any further revisions to its regulations are appropriate in light of *UARG v. EPA*, 134 S. Ct. 2427, and if so, undertake to make such revisions." *Id.*

7.     On May 27, 2015, several petitioners in *CRR* filed a petition for rehearing and rehearing en banc of this Court's Amended Judgment in *CRR*.  Doc. 1554365.  That petition was denied by this Court on August 7, 2015.  Doc. 1566904.

8.     EPA's reconsideration of the application of the PSD and Title V permitting programs to $CO_2$ emissions from biogenic sources remains ongoing.  In a November 19, 2014, memorandum, EPA stated that it "plans to propose revisions to the PSD rules" that would exclude certain biogenic $CO_2$ emissions. Memorandum from Janet McCabe, Acting Assistant Administrator, EPA Office of Air and Radiation to Air Division Directors, Regions 1-10 re: Addressing Biogenic Carbon Dioxide Emissions from Stationary Sources, at 3 (Nov. 19, 2014) ("Biogenic $CO_2$ Memo"), *available at* http://www.epa.gov/climatechange/downloads/Biogenic-CO2-Emissions-Memo-111914.pdf.

9. In response to ongoing proceedings in *CRR* and *UARG*, the instant case has remained in abeyance. Docs. 1391305, 1476696, 1504358, 1516406, 1548687,and 1554563 . Pursuant to the Court's Order of May 28, 2015, and its denial of the petition for rehearing and rehearing en banc in *CRR*, the parties are required to file Motions to Govern Future Proceedings by September 8, 2015.

10. It is possible further proceedings may occur in *CRR* that may be relevant to the instant case. For example, any petition for writ of certiorari would be due November 5, 2015. *See* Sup. Ct. R. 13.

11. Final resolution of *CRR* is needed before Movants can evaluate fully the effects of *CRR* and *UARG* on this case. Once it is clear that all proceedings in *CRR* have been completed, it will then be possible to determine whether and which of the issues in this case will remain in controversy. Continuing to hold this case in abeyance until 30 days after final resolution of *CRR* will allow the parties to clarify the issues for resolution and avoid unnecessary waste of the parties' and the Court's resources.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that that the Court hold the present case in abeyance until 30 days after final resolution of *CRR*, defined as the later of either (i) the expiration of time for the parties in *CRR* to file petitions for writ of certiorari in the Supreme Court; or (ii) final judicial resolution

of any such petition.

Respectfully submitted this 8th day of September 2015:

/s/   Roger R. Martella, Jr.
ROGER R. MARTELLA, Jr.
JOEL F. VISSER
Sidley Austin LLP
1501 K Street, NW
Washington, DC  20005
Tel:  202-736-8161
Fax: 202-736-8711

*Counsel for Petitioners*

OF COUNSEL

William R. Murray
Vice President for Policy and General
  Counsel
National Alliance of Forest Owners
122 C Street, NW
Suite 630
Washington, DC  20001
Tel:  202-747-0742

Jan Poling
Vice President, General Counsel &
  Corporate Secretary
American Forest & Paper Association
1101 K Street, NW
Suite 700
Washington, DC  20005
Tel:  202-463-2590

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Govern Further Proceedings, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said Motion to the attorneys of record who have registered with the Court's CM/ECF system.

September 8, 2015　　　　　　　　　　　　/s/  Joel F. Visser
　　　　　　　　　　　　　　　　　　　　Joel F. Visser